IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| SANDRA A. BARRETT, | |
| Plaintiff, | CIVIL ACTION |
| v. | NO. 1:14-cv-03803-WSD-RGV |
| SHUTTLE AMERICA *a Republic Airways Co.*, | |
| Defendant. | |

## MAGISTRATE JUDGE'S FINAL REPORT AND RECOMMENDATION

Plaintiff Sandra A. Barrett ("plaintiff"), proceeding without counsel, seeks to file this employment discrimination lawsuit against defendant Shuttle America a Republic Airways Co. ("defendant"), asserting federal claims of discrimination and retaliation under Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. § 2000e et seq. [Docs. 1 & 3].[1]  After consideration by the Court of plaintiff's affidavit of indigency, plaintiff's motion to proceed *in forma pauperis*, [Doc. 3],[2] is hereby **GRANTED**, and plaintiff shall be allowed to proceed with this action without prepayment of docket costs or United States Marshal Service fees.

---

[1] The document and page numbers in citations to the record refer to the document and page numbers listed in the Adobe file reader linked to this Court's electronic filing database, CM/ECF.

[2] Plaintiff's initial application to proceed *in forma pauperis*, [Doc. 1], was denied as incomplete on December 3, 2014, see [Doc. 2], after which plaintiff timely filed a revised application to proceed *in forma pauperis*, [Doc. 3], which complies with the requirements of 28 U.S.C. § 1915(a).

However, the Court must also determine whether plaintiff's proposed complaint is frivolous and, if so, must dismiss it without prejudice. See 28 U.S.C. § 1915(e)(2); Neitzke v. Williams, 490 U.S. 319, 324 (1989).

## I.  STATEMENT OF FACTS

Plaintiff alleges that she is a black female of Jamaican origin who began working as a flight attendant for defendant in September of 2006 and who was eventually discharged from employment with defendant in February of 2013. See [Doc. 1-1 at 5, 9].[3]  The factual basis for plaintiff's complaint stems from an incident with a co-worker which occurred on a flight operated by defendant on January 21, 2013. See [id. at 3-5, 10, 12-13].  During the flight, in response to a comment plaintiff made about belonging to a "different culture where [people] do not sit around on the job," [id. at 10]; see also [id. at 14], a white co-worker asked plaintiff why she did not return to Jamaica "'where [she] belong[ed],'" [id. at 10 (emphasis omitted) ("'Why don't [you] take [your] 'ass' back to Jamaica where [you are] from,' and where [you] belong.'")]; see also [id. at 5, 14].  According to plaintiff, defendant "sided with [the co-worker]" with respect to this incident and "accused [plaintiff] of threatening [the co-worker.]"  [Id. at 10].  Defendant then suspended plaintiff, with pay, on January 21, 2013, pending an internal investigation, and subsequently

---

[3] The facts set forth herein are taken from plaintiff's complaint and supporting exhibits and do not constitute findings of fact by the Court.

terminated plaintiff's employment on February 6, 2013, on the basis that plaintiff's behavior in connection with the incident had violated company policy. See [id. at 5, 10, 12].

Plaintiff also appears to assert that she filed an EEOC charge against defendant in March, 2011, in connection with an unrelated incident in which defendant allegedly "threatened to fire [plaintiff]" after she made a "Whistle Blower call regarding a captain . . . in October of 2010." See [id. at 5, 10]. Based on these allegations, plaintiff asserts Title VII claims of retaliation and discrimination on the basis of race and national origin. See [id. at 1]. Specifically, plaintiff asserts that defendant is liable for discrimination based on the co-worker's remark made during the flight of January 21, 2013, see [id. at 10], and that defendant retaliated against her for filing the previous EEOC charge of March, 2011, see [id. at 5, 10]. Plaintiff seeks damages in the amount of $750,000.00, as well as a directive from the Court that defendant "apologize," and that defendant "offer [plaintiff's] job back with back pay or offer flight benefits for life[.]" See [id. at 16].

## II. LEGAL STANDARD

A complaint is frivolous if "it lacks an arguable basis either in law or in fact," Neitzke, 490 U.S. at 325, or "if the 'plaintiff's realistic chances of ultimate success are slight,'" Clark v. State of Ga. Pardons & Paroles Bd., 915 F.2d 636, 639 (11th Cir.

1990) (quoting Moreland v. Wharton, 899 F.2d 1168, 1170 (11th Cir. 1990) (per curiam)).  Under 28 U.S.C. § 1915(e), the Court must dismiss the case if it determines that it "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).  A claim is frivolous when it appears from the face of the complaint that the factual allegations are "clearly baseless" or that the legal theories are "indisputably meritless."  Neitzke, 490 U.S. at 327; Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001).  "Unsupported conclusory factual allegations also may be 'clearly baseless.'"  Craven v. Florida, No. 6:08-cv-80-Orl-19GJK, 2008 WL 1994976, at *4 (M.D. Fla. May 8, 2008), adopted at *2.

### III.  DISCUSSION

Plaintiff's complaint, which is a form complaint used when asserting claims of employment discrimination, is deficient in several respects.  First, the factual allegations of the complaint are insufficient to support a claim of Title VII discrimination against her employer.  "Title VII prohibits employers from discriminating against any individual with respect to the terms and conditions of employment 'because of such individual's race, color, religion, sex, or national origin.'"  Perry v. Naples HMA, LLC, No. 2:13-CV-36, 2014 WL 6610125, at *5 (M.D. Fla. Nov. 19, 2014) (internal marks omitted) (quoting 42 U.S.C. § 2000e-2(a)(1)).  "If

4

a Title VII plaintiff alleges harassment by [a] coworker[], she must show the employer had either actual or constructive knowledge of the harassment, and failed to take corrective action." Manley v. Dekalb Cnty., Ga., No. 13-14503, 2014 WL 4346815, at *5 (11th Cir. Sept. 3, 2014) (per curiam) (unpublished) (citing Watson v. Blue Circle, Inc., 324 F.3d 1252, 1257 (11th Cir. 2003)). Here, the only "discriminatory conduct" alleged by plaintiff is the single, isolated statement about going "back to Jamaica," made by plaintiff's co-worker on January 21, 2013, see [Doc. 1-1 at 3-4, 10], and plaintiff does not allege that defendant was aware of or should have been aware of this statement,[4] nor has she otherwise alleged facts suggesting that the statement was in any way attributable to her employer, see generally [Doc. 1-1].[5] "Because [an]

---

[4] Indeed, it is evident from the face of plaintiff's complaint that her employer was not made aware of her co-worker's statement until after the statement had already been made, see [Doc. 1-1 at 10, 12-15], and plaintiff does not allege any subsequent acts of discriminatory harassment that her employer knew about but failed to correct, see generally [Doc. 1-1]; see also Miller v. Kenworth of Dothan, Inc., 277 F.3d 1269, 1278 (11th Cir. 2002) (citing Breda v. Wolf Camera & Video, 222 F.3d 886, 889 (11th Cir. 2000)) ("Where the perpetrator of the harassment is merely a co-employee of the victim, the employer will be held directly liable if it knew or should have known of the harassing conduct but failed to take prompt remedial action.").

[5] Although plaintiff's suspension and termination are directly attributable to her employer, plaintiff does not allege that either of these actions were discriminatory. See [Doc. 1-1 at 3-4, 10 (specifically identifying only her co-worker's statement made "during the flight" of January 21, 2013, as the "discriminatory conduct" underlying her claims)]. In any event, to the extent plaintiff seeks to premise her Title VII discrimination claim on her suspension and termination, her claim remains implausible since she alleges only that she "was discharged for

employer[] [is] not responsible for acts for which [it] [does] not have actual or constructive knowledge, [defendant] can not be held responsible" for the statement of plaintiff's co-worker in this case. See Williams v. JPI Jones Pharm., No. 8:03-CV-2561T30MAP, 2005 WL 1863402, at *3 (M.D. Fla. July 29, 2005) (citing Miller, 277 F.3d at 1278); see also Wells v. Gourmet Servs., Inc., Civil Action No. 2:13-CV-516-MEF, 2014 WL 3611819, at *6 n.2 (M.D. Ala. July 21, 2014), adopted sub nom. Wells v. Gourmet Servs., No. 2:13-CV-516-WKW, 2014 WL 4444233, at *1 (M.D. Ala. Sept. 9, 2014) (citations omitted) (finding "no basis for concluding that [plaintiff's] employer could be liable for any discrimination or harassment caused by [a racially derogatory] statement" made by plaintiff's co-worker, where plaintiff did "not allege that his employer was or should have been aware of his co-worker's statement"); Parris v. Keystone Foods, LLC, 959 F. Supp. 2d 1291, 1308 (N.D. Ala.

---

violating [] Company . . . Policy," [Doc. 1-1 at 5], and does not plead any facts that would enable the Court to draw a reasonable inference that her employer's decisions to take any adverse actions against her were motivated by a discriminatory animus, see generally [Doc. 1-1] see also Jacobs v. Biando, No. 1:12–cv–04437–WSD, 2013 WL 3243625, at *7 (N.D. Ga. June 26, 2013), adopted at *5, aff'd No. 13-13405, 2014 WL 6613158 (11th Cir. Nov. 24, 2014) (per curiam) (unpublished) (first, second, fourth, and sixth alterations in original) (citation omitted) (quoting Liburd v. Bronx Lebanon Hosp. Ctr., No. 07 Civ. 11316(HB), 2008 WL 3861352, at *5 (S.D.N.Y. Aug. 19, 2008)) (observing that "a complaint that 'provides no . . . detail manifesting any form of racial animus, discriminatory words, prior incidents or other indications that [the plaintiff's] race [or national origin] played a role in [the employer's] decision to [suspend or] dismiss [her]' is insufficient to satisfy the minimum pleading standards of Rule 8(a)(2)").

2013) (alleged discriminatory statements made by co-worker did not raise inference of discriminatory intent on the part of employer where plaintiff failed to "plausibly impute [the statements] to those responsible for her termination").

Moreover, to state a plausible Title VII discrimination claim based on harassing conduct in the workplace, plaintiff must establish that the "harassment was sufficiently severe or pervasive to alter the terms and conditions of [her] employment," see Williams, 2005 WL 1863402, at *2 (citation omitted), and the single offensive remark made by plaintiff's co-worker in this case is not sufficiently severe or pervasive to constitute an actionable Title VII violation as a matter of law, see Hudson v. Norfolk S. Ry. Co., 209 F. Supp. 2d 1301, 1314 (N.D. Ga. 2001) (internal marks omitted) (quoting Henson v. City of Dundee, 682 F.2d 897, 904 (11th Cir. 1982)) ("[T]he mere utterance of an ethnic or racial epithet which engenders offensive feelings in an employee does not rise to a Title VII violation."); see also Jacobs, 2014 WL 6613158, at *3 (citing Faragher v. City of Boca Raton, 524 U.S. 775, 788 (1998) ("[I]solated incidents that are not extremely serious are not sufficiently severe or pervasive to create an objectively hostile work environment[.]")); Williams, 2005 WL 1863402, at *3 (citations omitted) (acts of discrimination alleged by plaintiff, although "shameful," "inconsiderate," and "offensive," were "not sufficiently severe

to alter the terms and conditions of her employment"). Plaintiff has thus failed to state a plausible Title VII discrimination claim.

The allegations of plaintiff's complaint are also insufficient to sustain a viable claim of retaliation under Title VII. To state a plausible Title VII retaliation claim, plaintiff must show, among other things, that she engaged in a statutorily protected activity and that her protected activity was causally connected to an adverse action taken against her by her employer. See Jacobs v. Donnelly Commc'ns, No. 1:13-CV-980-WSD, 2013 WL 5436682, at *5 n.3 (N.D. Ga. Sept. 27, 2013), adopted at *3 (citing Salazar v. Hostmark, No. CV 112–145, 2012 WL 6128435, at *3 (S.D. Ga. Nov. 20, 2012), adopted by 2012 WL 6127981, at *1 (S.D. Ga. Dec. 10, 2012)).[6] Although "[t]he burden of causation can be met by showing close temporal proximity between the [] protected activity and the adverse[] action[, ] mere temporal proximity, without more, must be 'very close,'" and "[a] three to four month disparity between the statutorily protected expression and the adverse [] action is not enough." Thomas v. Cooper Lighting, Inc., 506 F.3d 1361, 1364 (11th Cir. 2007) (per curiam) (citations omitted) (citing Brungart v. BellSouth Telecomms.,

---

[6] The Court is mindful that a "plaintiff's failure to allege a prima facie case for [retaliation or] race [or national origin] discrimination does not automatically doom her case[;]" however, a Title VII plaintiff must still "plead 'enough facts to state a claim for relief that is plausible on its face.'" See Gordon v. YMCA ECDC of Atlanta, No. 3:13-CV-11 CAR, 2014 WL 1392962, at *3 (M.D. Ga. Apr. 9, 2014) (footnotes omitted).

Inc., 231 F.3d 791, 798-99 (11th Cir. 2000)); see also Summers v. Winter, 303 F. App'x 716, 720 (11th Cir. 2008) (per curiam) (unpublished) (citation omitted) (holding that, "without more, a time gap of three months or more does not establish a causal connection"). "Thus, in the absence of other evidence tending to show causation, if there is a substantial delay between the protected expression and the adverse action, the complaint of retaliation fails as a matter of law." Thomas, 506 F.3d at 1364 (citing Higdon v. Jackson, 393 F.3d 1211, 1220 (11th Cir. 2004); Wascura v. City of S. Miami, 257 F.3d 1238, 1248 (11th Cir. 2001)).

Plaintiff alleges that she was retaliated against for filing her previous EEOC charge of March, 2011. See [Doc. 1-1 at 5, 10]. Yet plaintiff's suspension and termination, which are the only adverse actions identified in the complaint, occurred in January and February of 2013—nearly two years from the time she engaged in protected activity. See [id. at 5, 10].[7] This "substantial delay" between plaintiff's protected activity and her subsequent suspension and termination is insufficient to establish the requisite causal connection to support her retaliation claim as a matter of law. Nor has plaintiff otherwise "allege[d] any facts indicating that unlawful

---

[7] The only other possible instance of protected activity in this case—the "Whistle Blower" complaint of October, 2010, see [Doc. 1-1 at 5, 10]—is even further removed from the adverse actions alleged by plaintiff to have occurred in the early part of 2013, and so does not provide a plausible basis to support plaintiff's claim of retaliation.

9

[retaliation] was the reason for [her suspension or termination]," or "that [a retaliatory] animus motivated [the alleged adverse actions]" in any way. See Enadeghe v. Ryla Teleservs., Inc., Civil Action File No. 1:08-CV-3551-TWT, 2010 WL 481210, at *7 (N.D. Ga. Feb. 3, 2010), adopted at *1. Plaintiff has therefore failed to state a plausible Title VII claim of retaliation in conformity with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure.

## IV.  CONCLUSION

For the foregoing reasons, plaintiff's request to proceed *in forma pauperis*, [Doc. 3], is **GRANTED**, but it is **RECOMMENDED** that her complaint, [Doc. 1-1], be **DISMISSED WITHOUT PREJUDICE** upon frivolity review for failure to state a plausible claim.

The Clerk is **DIRECTED** to terminate this reference.

**IT IS SO ORDERED** and **RECOMMENDED**, this 19th day of December, 2014.

*Russell G. Vineyard*
RUSSELL G. VINEYARD
UNITED STATES MAGISTRATE JUDGE