IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

SANDRA A. BARRETT,

    **Plaintiff,**

v.

SHUTTLE AMERICA, a Republic
Airways Co.,

    **Defendant.**

1:14-cv-3803-WSD

**OPINION AND ORDER**

This matter is before the Court on Magistrate Judge Russell G. Vineyard's Final Report and Recommendation ("R&R") [5], following his review of Plaintiff Sandra A. Barrett's ("Plaintiff") "*Pro Se* Employment Discrimination Complaint Form" ("Complaint") [1.1] pursuant to 28 U.S.C. § 1915(e)(2).

**I.    BACKGROUND**

On November 26, 2014, Plaintiff, proceeding *pro se*, filed an application to proceed *in forma pauperis* ("IFP Application") [1] along with her Complaint. On December 19, 2014, Magistrate Judge Vineyard granted Plaintiff's IFP Application and issued his R&R, recommending that Plaintiff's Complaint be dismissed as frivolous pursuant to 28 U.S.C. §1915(e)(2). Plaintiff asserts claims for retaliation and employment discrimination, all in violation of Title VII of the Civil Rights Act

of 1964 ("Title VII").[1]

Plaintiff, in her Complaint, asserts that Plaintiff, an African-American female of Jamaican national origin, was employed by Shuttle America ("Defendant") as a flight attendant from September 2006, until her termination on February 6, 2013.  (Compl. at 5).  Plaintiff asserts that, on January 21, 2013, while working on a flight operated by Defendant, Plaintiff's white co-worker, Jacqueline Roodnat ("Roodnat") made discriminatory comments about Plaintiff's Jamaican national origin (the "Incident").[2]  Plaintiff asserts further that Defendant "sided with Ms. Roodnat . . . [and] twisted what took place and turned around and accused [her] of threatening Ms. Roodnant."  (Id. at 10).  Plaintiff was suspended that day, and on February 6, 2013, she was "discharged for violating the Company's Code of Conduct Policy."  (Id. at 5).  On April 4, 2013, Plaintiff filed a charge with the

---

[1]   The Court notes that Plaintiff bases her retaliation claim from an incident in October 2010.  Plaintiff asserts that Defendant "retaliated against her from the time [she] did made [sic] a whistle blower call regarding a captain . . . in October of 2010."  (Id. at 10).  Plaintiff asserts that after Defendant "threatened to fire her," she filed a charge with the EEOC on March 15, 2011.  Plaintiff did not provide a copy of the EEOC report that she allegedly filed in March 2011.  (Id. at 5).

[2]   Plaintiff asserts that, after explaining to Roodnat that she "was raised in Jamaica, a different culture," Roodnat asked Plaintiff why she did not return back to Jamaica.  (Id. at 14).  Plaintiff asserts that Roodnat told her that "she should take her ASS back to where [she] [was] from."  (Id.).  The Magistrate Judge noted that Plaintiff does not allege that Defendant's actions were discriminatory but instead "specifically identif[ies] only her co-worker's statement made 'during the flight' of January 21, 2013, as the 'discriminatory conduct' underlying her claims").  (R&R at 5).

Equal Employment Opportunity Commission ("EEOC") alleging discrimination on the basis of race and national origin, and a claim of retaliation. (Id.). On September 3, 2014, the EEOC dismissed Plaintiff's case and sent her a right-to-sue letter. (Id. at 6).

Plaintiff did not file objections to the R&R.

## II. DISCUSSION

### A. Legal Standard

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject, or modify a magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1) (Supp. V 2011); Williams v. Wainwright, 681 F.2d 732, 732 (11th Cir. 1982) (per curiam). A district judge "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). If no party has objected to the report and recommendation, a court conducts only a plain error review of the record. United States v. Slay, 714 F.2d 1093, 1095 (11th Cir. 1983) (per curiam). Absent objections, the Court reviews the R&R for plain error.

B.     <u>Analysis</u>[3]

The Court agrees with the Magistrate Judge's finding that Plaintiff's race, national origin, and retaliation claims are required to be dismissed because the Complaint does not allege any facts that would give rise to an inference that Defendant violated Title VII.  The R&R focuses on whether there is a basis for holding Defendant liable for the single, isolated statement made by Plaintiff's co-worker during the Incident.[4]  Plaintiff did not object to the Magistrate Judge's finding that the Complaint does not allege any facts to suggest that Defendant "knew or should have known" about the alleged racial conduct prior to the Incident

---

[3]     The Magistrate Judge construed Plaintiff's discrimination claim as a hostile work environment claim under Title VII.  "To establish a hostile work environment claim based on racial harassment, an employee must demonstrate . . . that (1) the racial harassment was sufficiently severe or pervasive to alter the terms and conditions of employment and to create a discriminatorily abusive working environment, and (ii) the employer is *responsible* for such an environment under either a theory of vicarious liability or of direct liability."  <u>Williams v. Jones Pharm.</u>, No. 8:03-cv-2561, 2005 WL 1863402, at *2 (M.D. Fla. July 29, 2005) (citing <u>Miller v. Kenworth of Dotahan, Inc.</u>, 277 F.3d 1269, 1275 (11th Cir. 2002)) (emphasis added).

[4]     "[A] victim of coworker harassment must show either actual knowledge on the part of the employer or conduct sufficiently severe and pervasive as to constitute constructive knowledge to the employer."  <u>Miller</u>, 277 F.3d at 1278.  An employer is directly liable for co-worker harassment if it "knew [actual notice] or should have known of the harassing conduct but failed to take prompt remedial action."  <u>Id.</u>; <u>see also</u> <u>Watson v. Blue Circle, Inc.</u>, 324 F.3d 1252 (11th Cir. 2003) (explaining that once notice is established, plaintiff must show employer "failed to take immediate and appropriate action").

and failed to take prompt action.[5]  The Court finds no plain error in the Magistrate Judge's conclusion that Plaintiff's allegations that Defendant violated her rights resulting from a single, offensive remark from Plaintiff's co-worker do not sufficiently allege a hostile work environment that is necessary to state a plausible claim against Defendant for employment discrimination or harassment under Title VII.  See Freeman v. City of Riverdale, 330 F. App'x 863, 865–66 (11th Cir. 2009) (explaining that a hostile work environment claim requires "severe or pervasive" harassment and that "sporadic and isolated" incidents of racial epithets are not sufficient to support claim); McCann v. Tillman, 526 F.3d 1370, 1379 (11th Cir. 2008).  The Court agrees further that Plaintiff's retaliation claim should be dismissed without prejudice.[6]

---

[5]     The Court notes that on January 23, 2013, two (2) days after the Incident, Plaintiff sent an e-mail to Denise Turner ("Turner") an Inflight Manager employed by Defendant reporting the Incident.  Turner replied to Plaintiff's e-mail and also informed her that Plaintiff "was suspended with pay until [Defendant] complete[d] an investigation" of the alleged harassment.  (Id.).  To the extent Plaintiff attached a copy of the e-mail that she sent to Turner to establish that Defendant knew or should have known of the harassment, Plaintiff does not make any arguments that Defendant failed to resolve or correct the situation or that Defendant knew about her co-worker's harassing conduct prior to the Incident.  See Kilgore v. Thompson & Brock Mgmt., Inc., 93 F.3d 752, 754 (11th Cir. 1996).

[6]     The Court notes that the only "discriminatory conduct" that Plaintiff references is the "discriminatory conduct [that] . . . occurred during the flight." (Compl. at 3).  Plaintiff does not make any argument to suggest that her employment was terminated based on her race or national origin, or in retaliation for filing her EEOC claim about the Incident on April 4, 2013.  Plaintiff asserts

### III.  CONCLUSION

Accordingly, for the foregoing reasons,

**IT IS HEREBY ORDERED** that Magistrate Judge Russell G. Vineyard's Final Report and Recommendation [4] is **ADOPTED**.  This action is **DISMISSED WITHOUT PREJUDICE**.

**SO ORDERED** this 22nd day of July, 2015.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE

---

instead that she was retaliated against for filing a previous EEOC charge in March 2011.  The Court agrees with the Magistrate Judge's finding that this two year delay is "substantial" and is insufficient to establish a casual connection between the protected activity (the filing of her March 2011 EEOC charge) and the adverse action (her termination on February 6, 2013).